IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TODD W. BOYES,

    Plaintiff,

v.                                                     Case No. 2:20-cv-00108

JOHN YOUNG, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**STANDARD OF REVIEW**

    Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. Both circumstances are applicable here.

    Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell*

*Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

Among the defendants sued in this matter is the West Virginia Division of Corrections and Rehabilitation (listed in the Amended Complaint as the "West Virginia DOC" and hereinafter referred to as "WVDOC"), which is a state agency that is not a "person" under section 1983 and is immune from suit under the Eleventh Amendment.

Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the

United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the WVDOC is not a person who can be sued under 42 U.S.C. § 1983 and is further immune from suit in federal court under the Eleventh Amendment. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the WVDOC as a defendant herein and leave this matter referred to the undersigned for additional proceedings concerning the other defendants.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

September 28, 2020

                                             Dwane L. Tinsley
                                             United States Magistrate Judge