# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

TODD W. BOYES,

    Plaintiff,

v.                                    Case No. 2:20-cv-00108

JOHN YOUNG, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Plaintiff's Motion for Partial Summary Judgment (ECF No. 43), in which he seeks summary judgment on his Fourteenth Amendment due process claims against Defendant Donnie Ames ("Ames"), the Superintendent of the Mount Olive Correctional Complex ("MOCC"), and a current non-party institutional magistrate who found him guilty of a rules violation and imposed disciplinary sanctions.[1] Defendants have not filed a cross-motion for summary judgment on the Fourteenth Amendment claims, as discovery is still proceeding.

---

[1] After filing the instant motion for summary judgment, Plaintiff filed two motions to amend his complaint which seek, *inter alia*, to add Jarrod Wilson ("Wilson"), the institutional magistrate, as a defendant. The undersigned is setting a hearing to address Plaintiff's proposed amendments. Nonetheless, because Wilson has not been served with process, the court presently lacks jurisdiction over him and the instant motion for summary judgment is premature with respect to him. Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion be denied without prejudice as to him.

## THE PARTIES' POSITIONS

As relevant to the instant motion, Plaintiff alleges that, on September 30, 2019, a cell phone was discovered in the cell Plaintiff shared with inmate Bret Vance ("Vance"). Plaintiff and Vance were placed in segregation pending further investigation and a disciplinary hearing. Upon questioning by Defendants Curtis Dixon ("Dixon") and John Young ("Young"), Plaintiff denied possession or knowledge of the cell phone. Dixon and Young showed Plaintiff a picture of Vance taken in their prison cell that had been sent by text message from the phone. When asked if he had taken the picture, Plaintiff stated, "I'm not saying anything, but there's your answer." Plaintiff claims that he was threatened with being placed in segregation for two years if he did not become a "rat" and inform for them, which he refused to do. (ECF No. 14 at 2; ECF No. 43 at 1-2 and Ex. 1; ECF No. 48. Ex. 1).

A disciplinary hearing was held on or about October 7, 2019. During the hearing, Vance testified that the cell phone was his and that Plaintiff knew nothing about it. (ECF No. 14 at 2; ECF No. 43 at 3 and Ex. 2; ECF No. 48 at 2). Young has provided an affidavit indicating that he was present at the disciplinary hearing, where his incident report was read into the record, and he was available to answer any questions from the magistrate. (ECF No. 48, Ex. 3). Young and Dixon both deny that they threatened Plaintiff with placement in segregation, or engaged in any other retaliatory action, solely based upon his refusal to provide information about the cell phone or to inform on Vance. (ECF No. 48, Exs. 2 and 3).

The institutional magistrate found Plaintiff guilty and sanctioned him with 60 days in segregation and a loss of privileges, except for access to library books, for 60 days. (ECF No. 43, Ex. 2; ECF No. 48, Ex. 4). Plaintiff did not lose any good conduct time. Plaintiff

2

was provided with written findings concerning the magistrate's decision, which were upheld on appeal by Defendants Ames and Jividen. (ECF No. 43, Ex. 3; ECF No. 48, Exs. 4-6).

**STANDARD OF REVIEW**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material when it 'might affect the outcome of the suit under the governing law.'" *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine dispute arises when 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

"The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). The court view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013)). A court must not resolve disputed facts or weigh the evidence and may not make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986).

## ANALYSIS

Plaintiff's complaint and motion documents do not clarify whether he is asserting only a procedural due process claim or both a procedural and substantive due process claim. However, to assert any valid due process claim, Plaintiff must first establish that he has a protected liberty or property interest that has been infringed. U.S. CONST. amend. XIV, § 1. Here, Plaintiff has not alleged any property interest that has been implicated and, because he did not lose any good conduct time due to his disciplinary proceeding, to establish a protected liberty interest he must demonstrate that his conditions of confinement in segregation constitute an "atypical and significant hardship in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation that would give rise to a protected liberty interest).

Presuming that Plaintiff could make such a showing, the Supreme Court has clearly established the procedural requirements to satisfy due process with respect to prison disciplinary proceedings which, because they are not part of a criminal prosecution, do not entitle an inmate to the "full panoply of rights due a [criminal] defendant." *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, an inmate must only receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).

Moreover, *Wolff* "did not require either judicial review or a specified quantum of evidence to support the factfinder's decision." *Id*. at 454. Rather, the Supreme Court held

that due process is satisfied if "the findings of the prison disciplinary board are supported by *some evidence* in the record." *Id*. (emphasis added). In other words, "[t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators [in disciplinary proceedings] that have some basis in fact." *Id*. at 456. In determining whether this standard is satisfied, a court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. *Id*. at 455. The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the arbiter. *Id*.

Even if the court accepts, for the purpose of the instant motion, that Plaintiff's conditions of confinement by being placed in segregation are so onerous as to constitute an "atypical and significant hardship" as compared to those of ordinary prison life, such that he can establish a protected liberty interest, Plaintiff has not demonstrated as a matter of law that he was denied procedural or substantive due process through the subject disciplinary proceeding that led to his placement in segregation. Taking Plaintiff's allegations in the light most favorable to Defendants, as the court must under Rule 56, Plaintiff was provided with the required notice of the charge against him and an opportunity to present his own witnesses and evidence in his disciplinary hearing. Additionally, the magistrate made written findings indicating that he found Plaintiff guilty based upon his own statements to the investigators, and the facts presented in Defendant Young's incident report and his statements during the hearing, which ultimately could satisfy the substantive requirement of some evidence to support the finding of guilt.

Moreover, as relevant to the instant motion with respect to Defendant Ames, Plaintiff's sole claim is that Ames upheld the disciplinary findings on appeal. Plaintiff

5

then further appealed, in accordance with policies and procedures, to Commissioner Betsy Jividen, who also upheld the magistrate's decision. Plaintiff has not challenged any procedural aspect of the appeal process. Rather, it appears that he is actually challenging the substance of the magistrate's decision and Ames' agreement therewith.

Plaintiff asserts that "although Warden Ames did not commit the due process violation, he became responsible for them when he failed to correct them in the course of his supervisory responsibilities, and affirmed the plaintiff's disciplinary conviction." (ECF No. 43 at 11). Plaintiff claims that "the inadequate statement of reasons [and] the lack of evidence were all apparent from Bret Vance['s] testimony and picture on the phone." (*Id.* at 14). Plaintiff further claims that he spelled out the due process violations in his appeal letter and, thus, Defendant Ames "knew what to look for" and "it cannot be argued that [he] did not know of the due process violations in this case." (*Id.*) Additionally, Plaintiff asserts that this is not a case of mere "knowledge and acquiescence" by Defendant Ames because he "personally had a job to do, and he did not do it[,]" which, Plaintiff contends, amounts to "deliberate indifference on his part." (*Id.* at 14).

Defendants, on the other hand, assert that, to the extent that Plaintiff is seeking summary judgment against Ames on a theory of supervisory liability, he has developed no evidence to prove such a claim. (ECF No. 48 at 8). As noted by Defendants' brief, a valid claim of supervisory liability cannot be based upon *respondeat superior*. Instead, a plaintiff must demonstrate that an individual defendant had actual knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of a constitutional injury to the plaintiff and was deliberately indifferent or tacitly authorized the subordinate's misconduct, which directly caused the constitutional injuries claimed by the plaintiff. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984); *see also Shaw v.*

*Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Deakins v. Pack*, 957 F. Supp.2d 703, 761 (S.D.W. Va. 2013). (ECF No. 48 at 8-9).

Defendants' response to the motion for summary judgment asserts that Ames appropriately considered the evidence presented during the disciplinary hearing, observed that the proper standards and procedures were followed therein, determined that the institutional magistrate's findings were based on sufficient evidence, and found that the sanction was proportionate to the rule violation. (ECF No. 48 at 3 and Ex. 5). Defendants' response further attempts to equate Ames' role in upholding the discipline on appeal to his role in affirming a grievance response, which, standing alone, is insufficient to give rise to a constitutional violation. (*Id.* at 6-7).

The undersigned believes that Ames' role in the prison disciplinary appeal process is distinguishable from that in the administrative remedy or grievance process, and that such conduct could constitute independent personal conduct that must be considered in determining whether a due process violation occurred. *See, e.g., Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (suggesting that an official who affirmed a prison disciplinary decision may be liable for failure to correct a due process violation); *United States ex rel. Larkins v. Oswald*, 510 F.2d 583, 589 (2d Cir. 1975) ("A supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong.")
However, taking the facts in the light most favorable to Defendants, Plaintiff has not presently established that Ames' conduct amounted to a violation of either his procedural or substantive due process rights. Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not demonstrated that he is entitled to judgment as a matter of law on his due process claim(s) against Ames.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Partial Summary Judgment (ECF No. 43) and leave this matter referred to the undersigned for additional proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

May 28, 2021

Dwane L. Tinsley
United States Magistrate Judge