```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

TODD W. BOYES

    Plaintiffs,

v.                              Case No. 2:20-cv-00108

JOHN YOUNG,
JOHN FRAME,
DONALD AMES,
BETSY JIVIDIEN,
JARROD WILSON, and
CURTIS DIXON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the <u>pro se</u> plaintiff's motion for partial summary judgment, filed by the Clerk on February 22, 2021 (ECF No. 43).

In his motion, the plaintiff seeks summary judgment on his Fourteenth Amendment due-process claims against defendant Jarrod Wilson, a state magistrate who determined the plaintiff had violated prison contraband rules and imposed disciplinary sanctions on him, as well as defendant Donnie Ames, the superintendent of the prison where the plaintiff is currently incarcerated, who upheld Magistrate Wilson's decision. <u>See</u> ECF No. 43.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who, on May 28, 2021, entered his Proposed Findings and Recommendations ("PF&R") regarding the current motion pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) (ECF No. 81).  With respect to Magistrate Wilson, the Magistrate Judge found that, because he had not yet been made a party to this case, the plaintiff's summary-judgment motion as to him is premature.[1]  See ECF No. 81 at 1 n.1.  With respect to defendant Ames, the Magistrate Judge found the plaintiff had not sufficiently demonstrated that he was deprived of a protected liberty or property interest implicating due-process rights in the prison context, that any such deprivation amounted to a violation of procedural due-process rights, or that defendant Ames is liable (vicariously or otherwise) for any violation of the plaintiff's due-process rights.  See id. at 4-7.  The Magistrate Judge thus recommended that the court deny the plaintiff's motion for partial summary judgment and leave the matter referred to the Magistrate Judge for further proceedings.  See id. at 1 n.1, 8.

Objections to the PF&R were due June 14, 2021.

---

[1] After the PF&R was entered, the Magistrate Judge granted the plaintiff's motion for leave to amend the complaint in order to name Magistrate Wilson as a defendant.  See ECF No. 90.

Although the plaintiff did not timely submit objections, he did submit an untimely reply brief in support of his motion for summary judgment, which the Clerk filed on June 14, 2021. See ECF No. 85. At a subsequent hearing before the Magistrate Judge, the plaintiff requested that his reply brief be treated as objections to the PF&R. See ECF No. 90. The court construes the brief as the plaintiff's objections and deems them timely filed.

Upon a timely objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. § 636(b)(1)).

In his reply brief, the plaintiff does not address the Magistrate Judge's reasons for recommending that the summary-judgment motion be denied with respect to Magistrate Wilson.[2]

---

[2] In his reply brief, the plaintiff asserts that his motion also sought summary judgment on his Fourteenth Amendment due-process claims as to defendant Betsy Jividien. See ECF No. 85 at 1. A review of the motion, however, shows that the plaintiff sought summary judgment only as to Magistrate Wilson and defendant

With respect to defendant Ames, the plaintiff does not address the Magistrate Judge's finding that he failed to sufficiently demonstrate the deprivation of a protected property or liberty interest in the prison context. And, to the extent the plaintiff addresses the Magistrate Judge's other reasons for recommending that the summary-judgment be denied with respect to defendant Ames, the court agrees with the Magistrate Judge's finding that the plaintiff has failed to demonstrate a violation of his due-process rights or that defendant Ames is liable for any such violation.

Accordingly, it is ORDERED that:

1. the plaintiff's objections to the PF&R, which have been construed from his untimely reply brief (ECF No. 85), be, and hereby they are, overruled;

2. the Magistrate Judge's PF&R (ECF No. 81) be, and hereby it is, adopted and incorporated herein;

---

Ames. See ECF No. 43. Accordingly, to the extent the plaintiff objects to the PF&R on the ground that it recommends denial of his summary-judgment motion with respect to defendant Jividien, the objection is overruled.

3. the plaintiff's motion for partial summary judgment (ECF No. 43) be, and hereby it is, denied; and

4. this matter remains referred to the Magistrate Judge for further proceedings.

The Clerk is directed to transmit copies of this memorandum opinion and order to the pro se plaintiff, all counsel of record, any other unrepresented parties, and the Magistrate Judge.

ENTER: June 24, 2021

John T. Copenhaver, Jr.
Senior United States District Judge