IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TODD W. BOYES,

        Plaintiff,

v.                                          Case No. 2:20-cv-00108

JOHN YOUNG, *et al.*,

        Defendants.

## ORDER

### A.      Plaintiff's Motion for Appointment of Expert Witness.

Pending before the court is Plaintiff's "Motion for Provision of an Expert to Determine the Exact Nature of Conditions of Plaintiff's Confinement in Isolated Segregation" (ECF No. 99).  Plaintiff requests that the court appoint an expert witness "to ascertain exactly what the conditions of confinement truly are in the isolated segregation unit of the Mount Olive Correctional Complex and Jail" and to develop evidence to assist in demonstrating his alleged physical and mental/emotional injuries allegedly suffered in "long term solitary confinement" under "deplorable" conditions.  (*Id.* at 1).  In essence, Plaintiff seeks the appointment of an expert witness to "determine the validity of [his] claim."  (*Id.*)

The instant civil action focuses on an investigation and prison disciplinary proceeding surrounding a cell phone found in Plaintiff's cell that he shared with another inmate.  Plaintiff has asserted claims under the First, Eighth, and Fourteenth Amendments arising out of that circumstance.  However, a separate civil action, Case No.

2:21-cv-00483, has been opened to address Plaintiff's additional claims concerning his conditions of confinement in the segregation units and potential due process and equal protection implications such confinement may present.  The undersigned believes that the instant motion may more appropriately address the claims raised in that matter. Nonetheless, because Plaintiff's motion is not well-taken in either case, the undersigned will proceed to rule on the motion herein.

Pursuant to Rule 706 of the Federal Rules of Evidence. a court may, on its own motion, or on a motion by any party, appoint an expert witness when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *Torbert v. Gore*, No. 14-cv-2911, 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (citation omitted).  Whether to appoint an expert rests solely in the Court's discretion, which is rarely exercised, *see Anderson v. United States*, 2009 WL 2215087, *1 (S.D.W. Va. July 20, 2009), and the decision "is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." *Polanco v. Selsky,* No. 9:02-cv-680, Dkt. No. 54 at pp. 1-2 (N.D.N.Y. May 13, 2003) (quoting *Pabon v. Goord,* 2001 WL 856601 (S.D.N.Y. July 30, 2001)); *United States Marshals Service v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984).

However, the appointment of an expert under Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert, in its assessment of technical issues.  *See, e.g., Kaufman v. United States*, No. 1:12-cv-00237, 2014 WL 12660118, at *2 (S.D.W. Va. May 1, 2014); *Claudio v. GEO Group, Inc.*, No. 5:10-CT-3042-F, 2013 WL 3873205, *4 (E.D.N.C. July 25, 2013) (denying plaintiff's motion for appointment of an expert witness where plaintiff's request was based upon his need to rebut defendant's motion for summary judgment); *Phillip v. GEO Group,*

2

*Inc.*, No. 5:09–CT–3115–FL, 2012 WL 5392120, *9 (E.D.N.C. Nov. 5, 2012) (denying appointment of expert where such appointment "primarily would serve the purpose of assisting plaintiff in presenting his case"); *Anderson v. United States*, No. 1:05-cv-0876, 2009 WL 2044670, at *2 (S.D.W. Va. July 8, 2009) ("because it is clear that plaintiff would not be entitled to appointment of an expert at government expense to assist her in preparing her case, . . . the court should not appoint one for her in the guise of a Rule 706 expert."); *Kerwin v. Varner*, 2006 WL 3742738, *2 (M.D. Pa. Dec. 15, 2006) ("Rule 706, however, allows only for the appointment of an expert to aid the Court, and not for the purpose of aiding an indigent litigant, incarcerated or not.").

The Court is also mindful of the substantial expense associated with appointing experts.  Although Plaintiff has been permitted to proceed *in forma pauperis*, such status entitles him only to the right to proceed without prepayment of filing fees and the cost of service.  *See Roseboro v. Phelps*, No. 5:08-cv-01433, 2012 WL 895948, *2 (S.D.W. Va. Mar. 15, 2012) ("Plaintiff is not entitled to a disbursement of funds to pay for any medical expert witness he may pursue."); *Muhammad v. Bunts*, No. 1:03-cv-00228, 2006 WL 8442089 (N.D.W. Va. Sept. 18, 2006) ("the funds to pay for such witness do not exist under 28 U.S.C. § 1915 and are not compelled under Fed. R. Evid. 706.").

Plaintiff clearly seeks the appointment of an expert to present opinions supporting his version of the facts and his allegations, which is contrary to the principles of Rule 706.  Moreover, Plaintiff's motion is, at best, premature, as the court has not determined whether this matter will need expert testimony at a trial or other evidentiary hearing.  Accordingly, presently, there is no good cause for the appointment of an expert witness pursuant to Rule 706.  Therefore, it is hereby **ORDERED** that Plaintiff's "Motion for

Provision of an Expert to Determine the Exact Nature of Conditions of Plaintiff's Confinement in Isolated Segregation" (ECF No. 99) is **DENIED**.

###### B.       Motion for Appointment of Counsel.

Plaintiff has again moved for the "appointment" of counsel to represent him in this matter, asserting that his indigence and segregated status, as well as the alleged complexity of the case and his lack of knowledge of the law, and security concerns regarding his requests for relevant information will make it difficult for him to litigate his case on his own. (ECF No. 97 at 1-2). He further asserts that he has attempted to contact various attorneys about his case, but has been unsuccessful in retaining counsel. (*Id.* at 2).

The court has previously advised Plaintiff that he has no constitutional right to counsel in this civil action, and that recruitment of counsel to represent a pro se plaintiff rests within the discretion of the court and should only be undertaken under "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id.* at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978). Based upon Plaintiff's filings to date, the undersigned **FINDS** that there are presently no exceptional circumstances that would

warrant the court to seek counsel to represent Plaintiff in this matter. Accordingly, the plaintiff's motion for appointment of counsel (ECF No. 97) is hereby **DENIED WITHOUT PREJUDICE**.[1]

The Clerk is directed to mail a copy of this Order to Plaintiff and to transmit a copy to counsel of record.

ENTER:        January 24, 2022

Dwane L. Tinsley
United States Magistrate Judge

---

[1] Also pending are various discovery motions filed by Plaintiff (ECF Nos. 106, 112, 118, and 120), Defendants' motion for summary judgment (ECF No. 110), Plaintiff's motion to stay all deadlines (ECF No. 113), and Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment (ECF No. 114). The undersigned has determined that a hearing on those motions and the apparent overlap between this matter and Case No. 2:21-cv-00483 is necessary. Such hearing will be scheduled by separate order.